JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-00442 MMM (SPx) | Date | March 27, 2012 |
|---|---|---|---|

| Title | *Deutsche Bank National Trust Co. v. Kapadia* |
|---|---|

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   Order Remanding Action for Lack of Subject Matter Jurisdiction; Denying Application for Temporary Restraining Order[3] as Moot

### I. BACKGROUND

On May 20, 2011, plaintiff Deutsche Bank National Trust Company ("Deutsche Bank") filed this action against defendant Mohammad Kapadia ("Kapadia") and certain fictitious defendants in Riverside Superior Court.[1]  Kapadia removed the action to federal court on January, 31, 2012, ostensibly invoking the court's diversity and federal question jurisdiction.  This is his second attempt to remove the action – he previously removed on January 31, 2012.[2]  The court remanded to Riverside Superior Court because defendant failed to pay the filing fee associated with the removal.

On March 10, 2011, Kapadia was served with a written notice that demanded he surrender possession of the property to Deutsche no later than three days after service of the notice.[3] Kapadia

---

[1]Notice of Removal ("Removal"), Docket No. 1 (Mar. 27, 2012), Exh. A ("Complaint").

[2]Notice of Removal, Docket No. 1 (Jan. 31, 2012) (ED CV No. 12-00148).

[3]Complaint, ¶ 5.

failed to surrender possession.[4] Deutsche Bank claims it is the true owner of the residence following a non-judicial foreclosure sale held in accordance with California Civil Code § 29224.[5] Its title was perfected by the recording of a trustee's deed upon sale on March 10, 2011.[6]

In his notice of removal, Kapadia invokes the court's federal question and diversity jurisdiction.[7] Since removing, he has filed an application for a temporary restraining order enjoining Deutsche Bank from evicting him.[8]

## II. DISCUSSION

### A. Federal Question Jurisdiction

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States" (emphasis added). Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936), demonstrates that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive question of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could originally have been brought in federal court, whether removal jurisdiction exists must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-

---

[4]*Id.*, ¶ 6.

[5]*Id.*, ¶ 1.

[6]*Id.*

[7]Removal, ¶ 9.

[8]Application for Temporary Restraining Order, Docket No. 3 (Mar. 27, 2012).

pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar*, 482 U.S. at 392. Thus, where plaintiff could plead claims under both federal and state law, it can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

Here, the complaint pleads a single cause of action based on the California Code of Civil Procedure; it is a claim arising under state law. The complaint pleads no federal question on its face. While Kapadia contends that federal statutes have been violated, no federal statutes are referenced in the complaint, and neither the complaint nor the notice of removal indicate that the alleged violations of federal law constitute an essential element of Deutsche Bank's claim. Insofar as Kapadia asserts that the purported federal violations are affirmative defenses, as noted, a federal defense to a state law cause of action does not give rise to federal question jurisdiction. Consequently, Kapadia has failed to demonstrate that the court has federal question jurisdiction to hear this case.

  **B.**  **Whether the Requirements for Diversity Jurisdiction Are Met**

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the dispute

is between "(1) citizens of different states; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). Jurisdiction, including the amount in controversy, is determined at the moment of removal. See *In the Matter of Shell Oil Company*, 970 F.2d 355, 356 (7th Cir. 1992). In measuring the amount in controversy, a court must "assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint." *Jackson v. American Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997); see also *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994).

Deutsche Bank filed this action as a limited civil case, alleging that the amount in controversy did not exceed $10,000.[9] The complaint seeks restitution of the property, damages at a daily rate to be determined at trial, and costs.[10] See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $25,000 as limited civil cases). When the complaint itself pleads an amount in controversy below the jurisdictional threshold, the removing defendant must demonstrate to a legal certainty that the claim seeks more than $75,000. *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007).

Kapadia fails to address the amount in controversy requirement in his notice of removal. In an unlawful detainer action, the appropriate measure of damages is the amount sought in the complaint, not the value of the property. See *Federal Nat. Mortg. Ass'n v. Lemon*, No. CV 11–03948 DDP (FFMx), 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in [an] unlawful detainer action remain[ ] the amount sought in the complaint, not the value of the property itself"); see also *U.S. Bank Nat. Ass'n v. Marshall-Edward: Mikels*, No. C 11–4687 PJH, 2011 WL 5362082, *2 (N.D. Cal. Nov. 7, 2011) ("The complaint seeks restitution of the premises, damages in the amount of $50.00 per day from August 6, 2010, through the date that defendant remains in possession of the property, plus costs of suit. The amount in controversy is not the assessed value or the sales value of the property, but rather the $50.00 per day that HSBC is seeking in damages. Thus, if HSBC prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00"); *Skyline Vista Equities, LLC v. Henderson*, No. ED CV 11–1665 PA (AGRx), 2011 WL 5122616, *2 (C.D. Cal. Oct. 25, 2011) ("[T]he amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property").

The complaint clearly alleges that Deutsche Bank seeks to recover no more than $10,000 based on a daily rate to be determined, with damages calculated from March 13, 2011 to the date Kapadia

---

[9]Complaint at 1.

[10]*Id.* at 4.

vacates the property.  Kapadia adduces no evidence to the contrary.  Because Kapadia has failed to demonstrate to a legal certainty that the amount in controversy exceeds $75,000, the court lacks diversity jurisdiction to hear the action.

### III.  CONCLUSION

For the reasons stated, the court remands the action to Riverside Superior Court forthwith.  The court denies defendant's application for temporary restraining order as moot.  **Kapadia is warned that a third attempt to invoke the court's jurisdiction improperly may result in the imposition of sanctions against him.**